IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, ex rel. ANGELA GOMEZ and CHRISTOPHER HICKS, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. EP-20-CV-252-KC |
| KOMAN CONSTRUCTION, LLC; KOMAN ADVANTAGE, LLC; KOMAN HOLDINGS, LLC; NATIVES OF KODIAK, INC.; STORMWATER PLANS, LLC d/b/a SWP CONTRACTING & PAVING; L&J CONTRACTORS, INC.; BFL CONSTRUCTION CO., INC.; HARRISON, WALKER AND HARPER, LP; BOXX MODULAR, INC.; and DONLEY CONSTRUCTION, INC., | § § § § § § § § § § § § § § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered the United States' Motion to Maintain Seal ("Motion"), ECF No. 36. The Government has informed the Court that it will not intervene in the case at this time. Notice 1, ECF No. 35. But the Government requests that the Court only unseal the Complaint, ECF No. 1, the Notice of nonintervention, and this Order, keeping all other prior filings in this case under seal. *Id.* at 2; *see generally* Mot. (making arguments in support). The Government also asks that the Court order the parties to serve upon it "all pleadings filed in this action" and any "notices of appeal," in accordance with 31 U.S.C. § 3730(c)(3). Notice 2.

The False Claims Act ("FCA") is silent as to whether all documents submitted during the seal period should be unsealed once the seal is lifted in a qui tam case. *See* 31 U.S.C.

§ 3730(b)(3) (stating only that the complaint shall be unsealed); *see also United States ex rel. Becker v. Tools & Metals, Inc.*, No. 05-CV-627, 2008 WL 3850522, at *2–3 (N.D. Tex. Aug. 19, 2008) (collecting cases); *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994) ("[Section 3730] evinces no specific intent to permit or deny disclosure of in camera material as a case proceeds."). Courts thus have "wide discretion . . . to determine what documents, if any, should remain under seal." *Becker*, 2008 WL 3850522, at *3.

Here, the Government asks that all filings except for its Notice, the Complaint, and this Order remain under seal. Notice 2. The Government argues this is necessary to maintain the confidentiality of its investigative methods, Mot. 6–10, avoid jeopardizing its investigation into Relators' allegations, Mot. 10, and protect third parties from possible retaliation, Mot. 11. Because the Government's request is unopposed at this time and the Government has adequately justified its request, the Motion is **GRANTED**.

Accordingly, the Court **ORDERS** that the Relators' Complaint, ECF No. 1, and the Government's Notice of nonintervention, ECF No. 35, **be unsealed**. All other prior filings in the case **shall remain under seal**. The seal is lifted for this Order and all subsequent filings in this matter.

**IT IS FURTHER ORDERED** that Relators serve the Complaint and the Notice of nonintervention on all Defendants and file proof of service pursuant to Federal Rule of Civil Procedure 4(m). *See* 31 U.S.C. § 3730(b)(3).

**IT IS FURTHER ORDERED** that the parties shall serve the Government with all pleadings, motions, responsive briefings, and notices of appeal filed in this matter. *See* 31 U.S.C. § 3730(c)(3). The Government also may order deposition transcripts, at its own expense.

**IT IS FURTHER ORDERED** that any subsequent orders from the Court shall be delivered to the Government's counsel through CM/ECF.

**SO ORDERED.**

**SIGNED this 15th day of January, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE