IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
El PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CIVIL NO: 3:20-cv-00252 |
| *ex rel.* ANGELA GOMEZ and | § | |
| CHRISTOPHER HICKS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| KOMAN CONSTRUCTION, LLC, | § | |
| KOMAN ADVANTAGE, LLC, | § | |
| KOMAN HOLDINGS, LLC, | § | |
| NATIVES OF KODIAK, INC., | § | |
| STORMWATER PLANS, LLC DBA SWP | § | |
| CONTRACTING & PAVING, | § | |
| L&J CONTRACTORS, INC., | § | |
| BFL CONSTRUCTION CO., INC., | § | |
| HARRISON, WALKER AND HARPER, LP, | § | |
| BOXX MODULAR, INC., and | § | |
| DONLEY CONSTRUCTION, LLC, | § | |
| | § | |
| Defendants. | § | |

---

**RELATORS' REPONSE IN OPPOSITION TO DEFENDANT BOXX MODULAR,
INC.'S MOTION TO DISMISS**

---

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES .................................................................................................... iv

I. INTRODUCTION ......................................................................................................... 5

    A.   BACKGROUND FACTS .................................................................................... 5

    B.   SUMMARY OF THE ARGUMENT ................................................................... 7

II. ARGUMENT & AUTHORITIES ................................................................................ 7

    A.   LEGAL STANDARD ......................................................................................... 7

    B.   ARGUMENT ....................................................................................................... 8

        1.   Relators Adequately Allege Sufficient Facts to State a Claim to relief under the FCA that is Plausible on its Face ...................................................................... 8

            a.   VIOLATIONS OF THE FALSE CLAIMS ACT 31 U.S.C. § 3729(A)(1)(A)-(B) ... 9

            b.   CONSPIRACY UNDER 31 U.S.C. § 3729(A)(1)(C) ...................................... 18

        2.   Relators' FCA claims do not violate the Appointments Clause……………..19

    C.   CONCLUSION .................................................................................................. 20

III.  PRAYER ....................................................................................................................... 20

# **TABLE OF AUTHORITIES**

## **Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S. Ct. 1937 (2009) ...................................................................... 8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 127 S. Ct. 1955 (2007) ................................................................... 7, 8

*Calhoun v. Hargrove,*
    312 F.3d 730 (5th Cir. 2002) ............................................................................ 7, 20

*Harrison v. Westinghouse Savannah River Co.,*
    176 F.3d 776 (4th Cir. 1999) .................................................................................. 8

*Peterson v. Weinberger,*
    508 F.2d 45 (5th Cir. 1975) .................................................................................. 13

*Riley v. St. Luke's Episcopal Hospital,*
252 F.3d 749 (5th Cir. 2001)……………………………………………………………………20

*Scollick ex rel. United States v. Narula,*
    No. 14-cv-1339 (RCL), 2020 U.S. Dist. LEXIS 208604, at *31-35, 2020 WL 6544734
    (D.D.C. Nov. 6, 2020)........................................................................................... 12

*United States ex rel. Bettis v. Odebrecht Contrs. of Cal., Inc.,*
    393 F.3d 1321, 364 U.S. App. D.C. 250 (D.C. Cir. 2015) .................................... 10

*United States ex rel. Campbell v. Kic Dev., LLC,*
    No. EP-18-CV-193-KC, 2019 U.S. Dist. LEXIS 218588 (W.D. Tex. 2019)... 7, 8, 9, 10, 13, 16

*United States ex rel. Foster v. Bristol-Myers Squibb Co.,*
    587 F. Supp. 2d 805 (E.D. Tex. 2008) .................................................................. 15

*United States ex rel. Grubbs v. Kanneganti,*
    565 F.3d 180 (5th Cir. 2009) ....................................................... 8, 10, 14, 18, 19, 20

*United States ex rel. Hueseman v. Prof'l Compounding Ctrs. of Am., Inc.,*
    664 F. Supp. 3d 722 (W.D. Tex. 2023)................................................................. 14

*United States ex rel. Longhi v. United States,*
    575 F.3d 458 (5th Cir. 2009). .......................................................... 9, 10, 14, 17

*United States ex rel. Marcus v. Hess,*

ii

317 U.S. 537, 63 S. Ct. 379 (1943) ........................................................................ 14

*United States ex rel. McLain v. Fluor Enters., Inc.*,
No. 06-11229 (E.D. La. Sep. 3, 2013) .................................................................. 17

*United States ex rel. Monters v. Main Bldg. Maint., Inc.*,
No. SA-16-CV-00523-JKP-RBF, 2020 U.S. Dist. LEXIS 240473 (W.D. Tex. 2020) ...... 10, 12

*United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*,
274 F. Supp. 2d 824 (S.D. Tex. 2003) .................................................................. 20

*United States ex rel. Ruscher v. Omnicare, Inc.*,
2015 WL 5178074 (S.D. Tex. Sept. 3, 2015) (mem. order) ............................................ 13, 19, 20

*United States ex rel. Steury v. Cardinal Health, Inc.*,
625 F.3d 262 (5th Cir. 2010) .................................................................................. 8

*United States v. Bollinger Shipyards, Inc.*,
775 F.3d 255 (5th Cir. 2014) .......................................................................... 16, 17

*Universal Health Services, Inc. v. United States ex rel. Escobar*,
136 S.Ct. 1989 195 L. Ed. 2d 348 (2016) .......................................................... 16

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
579 U.S. 176, 136 S. Ct. 1989, 195 L. Ed. 2d 348 (2016) .......................................... 14

**Statutes**

31 U.S.C. § 3729 (b) ....................................................................................... 16, 17

31 U.S.C. § 3729(a)(1)(A) .......................................................................... 9, 13, 17

31 U.S.C. § 3729(a)(1)(B) ................................................................................... 9

31 U.S.C. § 3729(a)(1)(C) ................................................................................... 9

FAR 52.203-2(a) ............................................................................................... 15

**Other Authorities**

FED. R. CIV. P. 12(b)(6) ..................................................................................... 7

FED. R. CIV. P. 9(b) ........................................................................................... 8

## STATEMENT OF ISSUES

1. The issue, for purposes of Rule 9(b), is whether Relators pled facts detailing the circumstances surrounding the fraudulent conduct alleged such that Boxx is notified of the claim and discovery may be sufficiently tailored to that claim. For purposes of Rule 12(b)(6), the issue is whether Relators plead facts that, taken as true, and drawing all inferences in favor of the Relators, state a claim against Boxx that is plausible on its face.

# I. INTRODUCTION

## A.  BACKGROUND FACTS

Relators brought this is a *qui tam* action pursuant to the Federal False Claims Act 31 U.S.C. §§ 3729-3733 to recover all damages, penalties, and other remedies from the Defendants herein. Relators, Angela Gomez and Christopher Hicks, are former employees of Defendant, Koman Construction, LLC (hereinafter, "Koman Construction"). Relator Gomez worked for Koman Construction from 2017 until her constructive discharge in 2020. Relator Hicks similarly worked for Koman Construction from 2016 until his constructive discharge in 2020. During their employment, Relators directly witnessed Defendants' fraudulent conduct subject to this *qui tam* action.

Defendants Koman Construction, Koman Advantage, LLC ("KA"), Stormwater Plans, LLC ("SWP"), and Koman Holdings, LLC ("Koman Holdings") are wholly owned subsidiaries of Defendant, Natives of Kodiak, Inc. ("NOK"). As an Alaskan Native Corporation, NOK and its subsidiaries qualify as Small Disadvantaged Businesses (SDB) and are routinely awarded 8(a) set aside government contracts.[1] NOK and its subsidiaries (collectively hereinafter, the "NOK Defendants") share common employees, offices, business names, and comingle fundamental business activities, including performing their obligations on government contracts.

Defendants conspired to use the NOK Defendants' 8(a) small business classification as part of an illegal passthrough scheme. The NOK Defendants secured government contracts reserved for small, disadvantaged businesses then knowingly passed all the work to non-8(a) participants like Defendants L&J Contractors, Inc., Donley Construction, LLC, and Boxx

---

[1] An SBD is a small business that is at least 51 percent owned by one or more individuals who are both socially and economically disadvantaged.

Modular, Inc. (collectively hereinafter, the "Non-8(a) Defendants") who completed the project(s) from start to finish. By doing so, all Defendants fraudulently secured millions of dollars in SBA contracts they would not otherwise be entitled to.

Defendants exchanged illegal kickbacks for government contracts. The NOK Defendants exerted improper influence over the contracting process by treating subcontractors to expensive outings like all-expense paid fishing and ski trips in exchange for additional contracting opportunities. These illegal kickbacks were designed to ensure the Non-8(a) Defendants would continue to bring 8(a) sole source opportunities to the NOK Defendants. The Non-8(a) Defendants also knowingly solicited and received illegal kickbacks in connection to government contracts. The Non-8(a) Defendants systematically steered sole-source contract opportunities to the NOK Defendants in exchange for the subcontract awards.

Defendants engaged in bid rigging, complementary bidding, and other collusive activities that undermine the integrity of the contracting process which resulted in the government awarding millions in set aside contracts. Defendants routinely defrauded the Government by inflating cost estimates to artificially overstate the contract value resulting in Defendants fraudulently obtaining and maintaining public contracts at inflated prices and making claims for payment in violation of the FCA. Finally, the NOK Defendants subjected Relators to unlawful harassment and retaliation during their employment.

Relators provided the forgoing information to the United States by submitting pre-filing disclosure statements on July 14, 2020 and September 21, 2020. Relators filed their *Original Complaint* under seal on October 1, 2020. ECF No. 1. On January 10, 2024, the government filed notice declining to intervene at this time. ECF No. 35. The case remained under seal until January 15, 2024. ECF No. 37.

On October 9, 2024, and Relator' *First Amended Complaint* was filed. ECF No. 98. Boxx

filed its second *Motion to Dismiss for Failure to State a Claim* on October 23, 2024. ECF No. 103.

## B. SUMMARY OF THE ARGUMENT

Relators' *First Amended Complaint* (the "Complaint") includes twenty-two (22) additional

pages of specific allegations concerning Defendants' fraudulent conduct in comparison to the

*Original Complaint*. Accordingly, Relators would show the *First Amended Complaint* adequately

pleads plausible claims for relief under the FCA with the specificity required by Rule 9(b).

## II. ARGUMENT & AUTHORITIES

## A. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it

fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In ruling on a

Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light

most favorable to the plaintiff. *United States ex rel. Campbell v. Kic Dev., LLC*, No. EP-18-CV-

193-KC, 2019 U.S. Dist. LEXIS 218588, *14 (W.D. Tex. 2019) citing *Calhoun v. Hargrove*, 312

F.3d 730, 733 (5th Cir. 2002).

Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint

must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955 (2007). *"A claim has facial plausibility when*

*the plaintiff pleads factual content that allows the court to draw the reasonable inference that the*

*defendant is liable for the misconduct alleged." Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

1937 (2009). Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a

right to relief above the speculative level." *Campbell*, 2019 U.S. Dist. LEXIS 218588, at *15 citing

*Twombly*, 550 U.S. at 555. Nevertheless, "a well-pleaded complaint may proceed even if it strikes

a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

Claims filed under the FCA, like common law fraud and mistake claims, are subject to the more demanding requirements of Federal Rule of Civil Procedure 9(b). *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). Relators "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). In the FCA context, Rule 9(b) typically "requires, at a minimum, that the plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010). Even so, "Rule 9(b)'s ultimate meaning is context-specific." *Grubbs*, 565 F.3d at 188.

The purposes of Rule 9(b) are served and "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

## B. ARGUMENT

### 1. Relators Adequately Allege Sufficient Facts to State a Claim to relief under the FCA that is Plausible on its Face.

The Complaint's first three claims allege: (1) that Defendants "knowingly present[ed] or caused to be presented, a false or fraudulent claim for payment or approval" in violation of 31 U.S.C. § 3729(a)(1)(A); (2) that Defendants "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim" in violation of 31 U.S.C. § 3729(a)(1)(B); and (3) that Defendants conspired with each other to commit those violations, itself in violation of 31 U.S.C. § 3729(a)(1)(C).

In order to assess liability under either the first or second prong of the FCA, the longstanding test in the Fifth Circuit asks "(1) whether there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim)." *Campbell*, 2019 U.S. Dist. LEXIS 218588, at *17-18 citing *United States ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009).

### a. VIOLATIONS OF THE FALSE CLAIMS ACT 31 U.S.C. § 3729(A)(1)(A)-(B)

Relators' first FCA cause of action asserts that Boxx obtained and maintained public contracts by means of an illegal passthrough scheme. Accordingly, all claims for payment under those fraudulently obtained contracts were made in violation of 31 U.S.C. §3729(a)(1)(A). ECF No. 98 at ¶¶ 244-263. Relators' second FCA cause of action asserts that Boxx knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims paid or approved by the United States in violation of U.S.C. §3729(a)(1)(B), with the certifications by Boxx being both express and implied. ECF No. 98 at ¶¶ 264-270.

Boxx raises several arguments for dismissal of these claims. Boxx argues that Relators fail to (1) adequately plead that Boxx presented a claim to the government for payment and (2) adequately allege Boxx submitted false or fraudulent claims to the government with the rigor demanded by Rule 9(b). Boxx further argues that Relators have not adequately alleged materiality or scienter.

FCA violations are alleged under theories of fraudulent inducement or false certification. *United States ex rel. Monters v. Main Bldg. Maint., Inc.,* No. SA-16-CV-00523-JKP-RBF, 2020 U.S. Dist. LEXIS 240473, at *5-6 (W.D. Tex. 2020). Unlike express or implied false certification theories which are grounded in fraudulent misrepresentations or omissions in the invoices or claims themselves, the fraudulent inducement theory is predicated upon misrepresentations made

in the underlying bids, applications, or contracts on which claims are later made. *Campbell,* 2019 U.S. Dist. LEXIS 218588, at *25-26. Under fraudulent inducement, a relator establishes liability by showing the defendant submitted claims pursuant to a contract that was "procured by fraud, even in the absence of evidence that the claims were fraudulent in themselves." *United States ex rel. Bettis v. Odebrecht Contrs. of Cal., Inc.*, 393 F.3d 1321, 1326, 364 U.S. App. D.C. 250 (D.C. Cir. 2015).

Like all theories of § (a)(1)(A) liability, the fraudulent inducement theory requires that Defendants make claims for payment to the United States. *Grubbs*, 565 F.3d at 188. Under the fraudulent inducement theory, "when the contract under which [a] payment is made was procured by fraud…subsequent claims for payment made under the contract [are actionable although] not literally false, because they derived from the original fraudulent misrepresentation." *Longhi*, 575 F.3d at 468.

### i. Relators have sufficiently plead facts that plausibly show Boxx engaged in actionable conduct in violation of the FCA.

The Complaint alleges sufficient details of a scheme by which Boxx used Koman Construction as an illegal passthrough for 8(a) set aside awards. Specifically, the Complaint alleges Boxx and Koman Construction used Koman Construction's 8(a) status to obtain set aside awards then fraudulently passed all the work to Boxx as a subcontractor in contravention of FAR regulations and SBA requirements. ECF No. 98 at ¶¶ 100-108. The complaint provides several examples of the scheme in action.

Boxx was involved in the bid process for Hill Air Force Base (Contract no. FA820120C006). *Id.* at ¶ 104. Koman Construction was awarded the $1,843,662.71 contract with Boxx completing all the work. *Id.* As part of the bid, Koman Construction and Boxx conspired to include a cost allocation for prime labor, G&A and profit at $348,426.06 for work or services

Koman Construction did not perform, nor did Koman Construction have an intention to. *Id.* at ¶ 104-106 As the prime contractor, Koman Construction was required to have an onsite Program Manager and materially participate in the project. Boxx, not Koman Construction, filled this role. *Id.*

Boxx, aware of Koman Construction's obligations, participated in the false certification of compliance. Contrary to Boxx's baseless assertion, the information discussed above and detailed in the Complaint is the epitome of 'who, what, when, where, and how.' It should also be noted that Relators are under no obligation or requirement to attach documents alluded to or referenced in the Complaint. *Sentry Select Ins. Co. v. Lopez*, EP-14-CV-00284-KC *5 (W.D. Tex. Dec. 3, 2014) (citing *Howington v. John Alden Life Ins. Co.*, Civil Action No. 14-0464, 2014 WL 1764921, at *2 (W.D. La. Apr. 30, 2014). Thus, any argument by Boxx concerning Relators' purported failure to attached additional exhibits is misguided.

Further, Boxx's fraudulent and actionable conduct under the FCA also included illegal kickbacks in connection to government contracts. Specifically, the Complaint details at least two instances where Boxx exchanged kickbacks as a means to secure contracts from Koman Construction. One such example includes Boxx providing an expense paid trip to Koman Construction employees, Matthew Yates and Robert Kryklund, in February 2020. ECF No. 98 at ¶ 115. Unsurprisingly, Boxx later received two subcontracts from Koman Construction valued in excess of $1 million. *Id.* at ¶ 116. Consequently, Relators have, in fact, made the connection between the kickbacks connected to Boxx and the awarding of subcontracts and subsequent false claims. *Id*. at ¶¶ 116-118.

Companies are required to comply with FAR when bidding on contracts and performing contracts. ECF No. 98 at ¶ 226. Boxx's interference with the contracting process and other

collusive activities that run afoul of FAR also violated the False Claims Act. The unlawful actions of Boxx as alleged by Relators in the Complaint are the very type courts have found to meet the plausibility requirement. Every time Boxx prepared the bid, issued or participated in kickbacks, accepted the subcontract in return, performed all the work on the 8(a) set aside contracts and submitted claims for payment on the contracts awarded, Boxx perpetuated the fraud—the initial fraudulent action and every step thereafter taken pressed ever to the ultimate goal – payment of government money to persons who had caused it to be defrauded. *Monters*, 2020 U.S. Dist. LEXIS 240473, at *10-12 (citing *Scollick ex rel. United States v. Narula*, No. 14-cv-1339 (RCL), 2020 U.S. Dist. LEXIS 208604, at *31-35, 2020 WL 6544734, at *10-11 (D.D.C. Nov. 6, 2020)).

Despite participating in and making glaring misrepresentations during the bidding process, Boxx inexplicitly argues that Relators have failed to allege or identify any false statements or certifications made by Boxx. ECF No. 103 at p. 11. In doing so, Boxx ignores the fact that the FCA not only attaches liability to those who "present", but also those who "cause to be presented, a false or fraudulent claim for payment or approval." *Campbell*, 2019 U.S. Dist. LEXIS 218588, at *45-46 citing 31 U.S.C. § 3729(a)(1)(A). Relators alleged Boxx knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims paid or approved by the United States. ECF No. 98 at ¶¶ 119-123; 232-235. Relators allege these false statements or records include Defendants' false certifications or representations of compliance with all laws requesting payments for performing the contracts at issue here, including FAR. *Id* at ¶¶ 55, 57. Relators allege Defendants falsely certified, expressly and impliedly, that their statements were true, accurate, and correct. *Id.* at ¶ 265.

The FCA was designed to "reach any person who knowingly assisted in causing the government to pay claims which were grounded in fraud". *Peterson v. Weinberger*, 508 F.2d 45,

52 (5th Cir. 1975). Naturally, this reach extends to Boxx. The Fifth Circuit defines remuneration broadly, as "anything of value", with the question of whether remuneration is a kickback resting on whether "it was *intended to induce referrals*, not on its form." *United States ex rel. Ruscher v. Omnicare, Inc.*, 2015 WL 5178074, at *8 and *13 (S.D. Tex. Sept. 3, 2015) (mem. order). This is fatal to Boxx's motion.

Relators have, therefore, sufficiently alleged facts in the Complaint giving rise to their claim the mere receipt of the above-referenced contracts in return for the trips and gifts from Boxx, all with the intent of continued referrals, constitute unauthorized kickbacks in violation of the AKA and other FAR provisions. Had the United States known about Boxx and Koman Construction's collusion during the bidding process and illegal passthrough scheme which resulted in the submission of ineligible claims for reimbursement under the SBA program, the United States would not have paid the claims. ECF No. 98 at ¶ 233. This fraud in the inducement created a "taint" that permeated every "swollen" claim for payment later made under the fraudulently obtained contracts. *See United States ex rel. Marcus v. Hess*, 317 U.S. 537, 543, 63 S. Ct. 379 (1943).

Boxx argues Relators must allege, with particularity, the exact false statement submitted, the Fifth Circuit has held otherwise. Indeed, as to the presentment requirement, Relators need proof only of the claim's falsity and not of its exact contents; Relators may do so by pleading with particularity the circumstances surrounding the fraud, where the details of that scheme are "paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Grubbs*, 565 F.3d at 189. Claims may also be false where they implicitly certify that they comply with a material statutory, regulatory, or contractual requirement. *United States ex rel. Hueseman v. Prof'l Compounding Ctrs. of Am., Inc*., 664 F. Supp. 3d 722, 740 (W.D. Tex. 2023). Liability under an

"implied false certification theory" attaches "at least" where a claim "makes specific representations about the goods or services provided" and "failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Hueseman,* 664 F. Supp. at 740 *citing Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 190, 136 S. Ct. 1989, 195 L. Ed. 2d 348 (2016).

When Koman Construction and Boxx made claims for payment under these contracts, Koman Construction represented that it completed its required obligations under the SBA rules. Anyone reviewing Koman Construction and Boxx's claims for payment under the contracts "would probably—but wrongly—conclude that [Koman Construction and Boxx] complied with core [contract] requirements." *Escobar*, 136 S. Ct. at 2000. Therefore, the Relators have sufficiently alleged a "fraudulent course of conduct" under the FCA. *See Escobar*, 136 S. Ct. at 2001; *see also Longhi*, 575 F.3d at 467.

Further, Boxx's reliance on *U.S. ex rel. Phillips v. Permian Residential Care Ctr.* and *U.S. ex rel. Smart v. Christus Health* is misplaced. In contrast with *Phillips* and *Smart*, Relators identify at least two government contracts Boxx performed work under where FCA violations occurred by Boxx and Koman Construction. ECF No. 98 at ¶116. The Relators in *Phillips* and *Smart*, per Boxx's citation, did not make specific identifications and, instead, pointed aimlessly to exhibits or nothing at all. These circumstances could not be more different, and the assertion by Boxx is disingenuous.

The government was duped by Boxx and Koman Construction's active concealment their relationship, the kickbacks, and their knowledge and understanding that Koman Construction would be charging, but not performing, for obligations under the contract, which is vital to the integrity of the SBA set aside award program. Where the government pays funds to a party and

would not have paid those funds had it known of a violation of a law or regulation, the claim submitted for those funds contain an implied certification of compliance with the law or regulation and is fraudulent. *United States ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 823 (E.D. Tex. 2008). By alleging sufficient details of a scheme to use Koman Construction as an illegal passthrough and intentionally disregarding Koman Construction's obligations as the prime contractor despite explicit representations to the contrary, Relators sufficiently allege actionable conduct under the FCA.

### ii. Relators sufficiently allege Boxx engaged in actionable conduct under the FCA with the requisite scienter.

Section 52.203-2(a)(1)(i) of FAR makes clear that compliance requires that the party offering a bid must certify that the offer was "arrived at independently, without, for the purpose of restricting competition, any consultation, communication, or agreement with any other offeror or competitor relating to those prices." Boxx argues that Relators failed to specifically allege Boxx knew about the alleged wrongdoing related to the contracts Boxx performed work under. However, the FCA "require[s] no proof of specific intent to defraud." *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S.Ct. 1989, 1999. 195 L. Ed. 2d 348 (2016) citing 31 U.S.C. § 3729(b)(1)(B). Scienter need only be pleaded generally and plausibly. *Campbell*, 2019 U.S. Dist. LEXIS 218588, at *37 citing *United States v. Bollinger Shipyards, Inc.,* 775 F.3d 255, 260-61 (5th Cir. 2014). And, under the FCA, the term "knowingly" means "that a person, with respect to information--(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A)(i)-(iii); *see also Bollinger*, 775 F.3d at 261.

The Complaint is rife with allegations that Boxx, aware of the Koman Construction's obligations under the contracts, actively concealed the fact Koman Construction did not provide

management or oversight or participate in any meaningful way with the work. ECF No. 98 ¶¶ 104-106. Further, Relators alleged that Boxx, after providing expense paid trips to Koman Construction employees, received contracts in excess of $1 million. *Id. at* ¶¶ 115-116. These trips were in addition to Boxx accepting trips in return for their continued cooperation with Koman Construction's fraudulent scheme. *Id. at* 114 and 117-118. There is the old saying, "it takes two to tango," and these actions by Boxx and Koman Construction constitute undeniable evidence of plausibility, which is all the Realtors are required show.

Boxx next argues, with little elaboration, that Relators failed to adequately allege that it participated in the fraudulent scheme with the requisite scienter. ECF No. 80 at pp. 11-12. Like materiality, scienter is an element of a § (a)(1)(A) FCA claim under either a false certification or fraudulent inducement theory. *Campbell,* 2019 U.S. Dist. LEXIS 218588, at *36. To attach liability, the statute requires that a defendant "knowingly" engage in the fraudulent course of conduct that forms the basis for the FCA claim. 31 U.S.C. § 3729(a)(1)(A); *see also United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 259-60 (5th Cir. 2014).

The Complaint alleges Boxx made claims for payment under the contracts subbed out by Koman Construction. ECF No. 98 at ¶¶ 120-121; 223-235. By making claims for payment, Koman Construction and Boxx falsely certified the work was completed according to the contract(s). *Id.* Boxx knowingly directed Koman Construction to submit claims to the United States that falsely certified Defendants were complying with the terms of the contracts. *Id.* As a result, both Koman Construction and Boxx submitted and/or caused to be submitted claims for payment that falsely certified Koman Construction provided oversight and project management that it did not provide and that the offers and/or bids were "arrived at independently, without, for the purpose of restricting competition, any consultation, communication, or agreement with any other offeror or

competitor relating to those prices." ECF No. 98 at ¶ 59. Relators' plausible allegations of Box's knowing participation in a fraudulent course of conduct that is actionable under the FCA are sufficient at this stage of the litigation. *Bollinger*, 775 F.3d at 260-61.

### iii. Relators sufficiently allege Boxx's fraudulent conduct was material.

Boxx next argues Relators failed to allege facts sufficient to establish materiality. ECF No. 103 at p. 17. FCA liability also requires that a false statement be "material," under the third prong of the analysis. The statute itself defines the term "material" where it is used as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4). With materiality being satisfied if the "false or fraudulent statements have the potential to influence the government's decisions." *United States ex rel. McLain v. Fluor Enters., Inc.*, No. 06-11229*10 (E.D. La. Sep. 3, 2013). (citing *Longhi,* 575 F.3d at 470). While the FCA imposes liability on persons who present and submit false or fraudulent claims for payment to the Government, under section 3729(a)(1)(B), the FCA also imposes liability on any person knowingly makes or cause to be made a false record that is material to a claim for payment. *Grubbs*, 565 F.3d at 193. Though no "presentment" is required, a relator must allege with particularity "the recording of a false record, when it is made with the requisite intent" to satisfy the statute. *Grubbs*, 565 F.3d at 193.

Relators allege that Boxx and Koman Construction's express or implied certifications of compliance with FAR and SBA were material, because they went to the very essence of the bargain for which the United States contracted. ECF No. 98 at ¶¶ 119-123; 229-230. Had the United States known Boxx and Koman Construction's collusion during the bidding process and illegal passthrough scheme, which resulted in the submission of ineligible claims for reimbursement, the United States would not have paid the claims. *Id.* Naturally, Boxx's fraudulent conduct had the

tendency to influence the Government to pay under the fraudulently obtained contracts. And, again, Relators need only show that the facts as pled, taken as true, state a claim that is plausible on its face. Accordingly, the Complaint sufficiently alleges materiality.

      b. CONSPIRACY UNDER 31 U.S.C. § 3729(A)(1)(C)

To state a claim section under § 3729(a)(1)(C), Relators must show (1) the existence of an unlawful agreement between defendants to get a false or fraudulent claim allowed or paid by [the Government] and (2) at least one act performed in furtherance of that agreement. *Grubbs*, 565 F.3d at 193. As for the § (a)(1)(C) conspiracy claim, Boxx seeks dismissal claiming Relators failed to adequately plead conspiracy with the particularity required by Rule 9(b). ECF No. 103 at p. 17. Addressing Rule 9(b)'s application to FCA claims, the Fifth Circuit recognizes that the particularity demanded by Rule 9(b) "is context-specific, and thus there is no single construction of Rule 9(b) that applies in all contexts." *Grubbs,* 565 F.3d at 188. "Depending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *Id.*

Here, Boxx argues the Complaint lacks allegations as to conspiracy because "Relators have not alleged that Boxx presented a false claim." ECF No. 98 p. 18. As an initial matter, courts in the Fifth Circuit have noted, applying traditional common law conspiracy principles, that FCA plaintiffs are "not required to plead (or even, at the end of the day, prove) the manner in which the agreement came into being, only that an agreement did in fact exist." *Ruscher,* 2014 U.S. Dist. LEXIS 79885 at *26. The Court in *Grubbs* emphasized the fact that Rule 9(b) is context-specific and must remain "flexible" to effectuate Rule 9(b) "without stymieing legitimate efforts to expose fraud." *Grubbs*, 565 F.3d at 190.

Relators alleged Boxx and Koman Construction conspired to knowingly present, or cause to be presented, false or fraudulent claims for payment or approval to the United States and conspired to knowingly make, use, or cause to be made or used, false records or statements material to false or fraudulent claims. ECF No. 98 at ¶¶ 106-107; 240. Relators witnessed the overt acts taken by Koman Construction and Boxx in the furtherance of the conspiracy, with Relators alleging Koman Construction and Boxx conspired to enter into mutually beneficial subcontracts that resulted in higher profits at the Government's expense. ECF No. 98 at ¶ 238. Relators also allege Koman Construction and Boxx knowingly conspired to falsely certify their statements were true, accurate, and correct. ECF No. 98 at ¶ 239. These actions by Boxx and Koman Construction are in addition to providing kickbacks to restrict competition and ensure continued support of Koman Construction's fraudulent scheme. *Id.* at ¶¶ 114-118. By alleging specific instances and timelines of when and where the "meeting of the minds" occurred, Relators have provided direct and particularized allegations of a conspiracy that are more than sufficient. *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 274 F. Supp. 2d 824, 858 (S.D. Tex. 2003). The conspiracy is further corroborated by additional allegations that Koman Construction subcontracted its obligations to Boxx and/or simply did not perform them despite charging the government. ECF No. 98 at ¶¶ 104-106.

As in *Grubbs*, "[t]o infer that [the defendants] were in agreement is not conclusory or speculative, but naturally inferred from the allegations." *See* 565 F.3d at 194. Because the Court must take these well-pleaded allegations as true at the 12(b)(6) stage, *Calhoun*, 312 F.3d at 733, and because they are particularized, *see Grubbs*, 565 F.3d at 193-94, Relators adequately alleged a conspiracy. Taking Relators' allegations as true, there is no possible explanation for either Koman Construction or Boxx's actions *other than* an agreement between the parties. *Ruscher*,

19

2014 U.S. Dist. LEXIS 79885 at *26. For these reasons, the Court should deny Boxx's motion to dismiss Relators' FCA conspiracy claim.

### 2. Relators' FCA claims do not violate the Appointments Clause.

As a last-ditch effort, the Boxx argues the Court should dismiss Relators' claims with prejudice because they violate the Appointments Clause. ECF No. 103 at p. 19-21. Boxx relies upon dicta in a dissenting opinion, which is by no means dispositive, and a case out of the Middle District of Florida for this novel argument. Fatally for Boxx, the Fifth Circuit previously determined the FCA's qui tam provisions do not violate the Appointment Clause. *Riley v. St. Luke's Episcopal Hospital,* 252 F.3d 749 (5th Cir. 2001). The Fifth's Circuit's precedent has not changed, nor is there any caselaw currently supporting Boxx's constitutional challenge. Accordingly, the Court should deny the Boxx's motion in its entirety.

### C.    CONCLUSION

Relators plead facts that, taken as true, and drawing all inferences in favor of the Relators, state a claim against Boxx under the FCA that is plausible on its face. Further, Relators sufficiently pled facts detailing the circumstances surrounding the fraud such that Boxx is notified of the claim and discovery may be sufficiently tailored to that claim as required by Rule 9(b). Accordingly, the Court should deny Boxx's motion.

### III.  PRAYER[2]

THEREFORE, Relators request that the Court deny Defendant Boxx Modular, Inc.'s *Motion to Dismiss* [ECF No. 103], and for such other relief, both special and general, at law and in equity, to which Relators may be justly entitled.

---

[2] Relators object to Boxx's Motion as it exceeds the page limit set forth in Local Rule CV-7(c)

Respectfully submitted,

MOORE LANDREY, L.L.P.

/s/ *Greg M. Dykeman*

Greg M. Dykeman
State Bar No. 06325100
905 Orleans Street
Beaumont, Texas 77701-3255
Telephone | (409) 835-3891
gdykeman@moorelandrey.com

THE LEIFESTE LAW FIRM, PLLC
Samantha L. Leifeste
State Bar No. 24116662
712 W. Division Ave.
Orange, Texas 77630
Phone | (409) 920-8863
sleifeste@sllf.onmicrosoft.com

BERG & ANDROPHY
David Berg
State Bar No. 01254700
3704 Travis Street
Houston, Texas 77002
Telephone | (713) 529-5622
Facsimile | (713) 529-3785
dberg@bafirm.comm

**COUNSEL FOR RELATORS ANGELA
GOMEZ AND CHRISTOPHER HICKS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5. I hereby certify that counsel of record were served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) on November 13, 2024.

*/s/ Greg M. Dykeman*
Greg M. Dykeman