**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **THE UNITED STATES OF** | § | |
| **AMERICA, ex rel. ANGELA GOMEZ** | § | |
| **and CHRISTOPHER HICKS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-20-CV-252-KC** |
| | § | |
| **KOMAN CONSTRUCTION, LLC;** | § | |
| **KOMAN ADVANTAGE, LLC;** | § | |
| **KOMAN HOLDINGS, LLC;** | § | |
| **NATIVES OF KODIAK, INC.;** | § | |
| **STORMWATER PLANS, LLC d/b/a** | § | |
| **SWP CONTRACTING & PAVING;** | § | |
| **L&J CONTRACTORS, INC.;** | § | |
| **BOXX MODULAR, INC.; and** | § | |
| **DONLEY CONSTRUCTION, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## **ORDER**

On this day, the Court considered Defendant Donley Construction, LLC's Opposed

Motion to Stay Discovery ("Motion"), ECF No. 106.

Donley argues that discovery should be stayed while the Court considers the four pending

Motions to Dismiss: Defendant L&J Contractors, Inc.'s Motion to Dismiss, ECF No. 102; Boxx

Modular Inc.'s Motion to Dismiss, ECF No. 103; Koman Defendants'[1] Motion to Dismiss, ECF

No. 104; and Donley Construction, LLC's Motion to Dismiss, ECF No. 105. Specifically,

Donley contends that discovery should be stayed because the Motions collectively "identify

factual deficiencies that have a reasonable likelihood of resulting in dismissal" and raise "serious

---

[1] The "Koman Defendants" include: Koman Construction, LLC; Koman Advantage, LLC; Koman Holdings, LLC; Natives of Kodiak, Inc.; and Stormwater Plans, LLC d/b/a SWP Contracting and Paving. *See* Koman Defendants' Motion to Dismiss.

legal questions regarding whether the Appointments Clause of the U.S. Constitution prohibits claims by False Claims Act . . . *qui tam* relators like Plaintiffs."  Mot. 3.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  And "[a] district court properly exercises this discretion to stay discovery upon a showing of good cause."  *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016) (citing Fed. R. Civ. P. 26(c)).  "Good cause exists when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay."  *Id.* (quoting Fed. R. Civ. P. 26(c)).

"While 'a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise.'"  *Ramirez v. Dep't of Just.*, No. 3:22-cv-462-KC, 2023 WL 3485995, at *1 (W.D. Tex. May 12, 2023) (citation omitted).  Even so, "courts regularly grant requests for a stay pending resolution of motions to dismiss in certain special circumstances."  *Id.* (citations omitted).  For example, courts "may take into consideration the nature and complexity of the action."  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citation omitted).  Therefore, in cases involving multiple defendants and motions to dismiss, a stay of discovery until the motions are resolved may be justified.  Even if only some of the claims or defendants are dismissed, "staying discovery . . . will serve to substantially reduce the economic burden of full party discovery."  *Id.* at 116 (staying discovery pending outcome of motion to dismiss where sixteen entities or individuals were named in the complaint); *see also In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002) ("The Court retains ample discretion to tailor discovery to

minimize incidental costs incurred by defendants with pending motions to dismiss." (citing Fed. R. Civ. P. 26(b)(2)).

Here, eight Defendants remain—two others have already been dismissed, *see* June 26, 2024, Order, ECF No. 55—and four motions to dismiss are pending.  Until these Motions are resolved, there may well be good cause to stay discovery to prevent undue burden or expense on any Defendant who may be dismissed.

More importantly, Donley filed the Motion to Stay on October 29, 2024.  The Local Rules provide that a "response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion."  W.D. Tex. L.R. CV-7(d)(2).  The Relators' deadline to oppose the Motion was thus November 12, and they have not filed a response in opposition. Therefore, the Court may grant the Motion as unopposed.  *Id.*

Accordingly, Donley's Opposed Motion to Stay Discovery, ECF No. 106, is **GRANTED**.  All deadlines and discovery in this matter are **STAYED** pending resolution of Defendants' Motions to Dismiss.

**IT IS FURTHER ORDERED** that the Trial Preparation Order, ECF No. 100, and all deadlines therein are **VACATED**.

**SO ORDERED.**

SIGNED this 14th day of November, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3