UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* ANGELA GOMEZ and CHRISTOPHER HICKS, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | |
| KOMAN CONSTRUCTION, LLC, KOMAN ADVANTAGE, LLC, KOMAN HOLDINGS, LLC, NATIVES OF KODIAK, INC., STORMWATER PLANS, LLC DBA SWP CONTRACTING & PAVING, L&J CONTRACTORS, INC., HARRISON, WALKER AND HARPER, LP, BOXX MODULAR, INC., and DONLEY CONSTRUCTION, LLC, | § § § § § § § § § § § § § | EP-20-CV-252-KC |
| *Defendants.* | § | |

## MEMORANDUM ORDER

Plaintiffs[1] bring this lawsuit against Defendants under the False Claims Act

("FCA"), 31 U.S.C. §§ 3729–33, alleging that they rigged federal contracts through

sham small-business arrangements, collusive bidding, kickbacks, and pass-through

contracts that inflated prices charged to the U.S. government.

Before the Court is Defendants' "Motion for Leave to Exceed Deposition Hours

for Deposition of Relators, Angela Gomez and Christopher Hicks" (ECF No. 147)

("Motion"), in which they seek, under Federal Rule of Civil Procedure 30(d)(1), to

---

[1] On January 10, 2024, the United States declined to intervene in this lawsuit, and since then, Plaintiffs have continued to prosecute this case in the name of the United States. *See* Notice, ECF No. 35.

extend the one-day, seven-hour deposition limit to two days (fourteen hours) for Plaintiff Angela Gomez and three days (twenty-one hours) for Plaintiff Christopher Hicks. Mot. at 3–8, ECF No. 147. Plaintiffs, after meeting and conferring, agreed only to ten hours per witness. *Id.* at 8. The Honorable District Judge Kathleen Cardone referred the Motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b). For the reasons below, the Court **GRANTS IN PART and DENIES IN PART** Defendants' Motion.

**STANDARD**

Rule 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." A party seeking a court order to extend this limit must show good cause. *See* Fed. R. Civ. P. 30 advisory committee's notes to the 2000 amendment. In assessing good cause, courts look to fairness and practical necessity, including the use of interpreters, the need to cover events over an extended period, review of numerous or lengthy documents, or the involvement of multiple parties or expert witnesses. *Id.* Rule 30(d)(1) also requires courts to allow additional time "consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).

Rule 26(b) defines the scope of permissible discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A discovery request is relevant if a possibility exists that the requested information is

relevant to a party's claims or defenses. *Lopez v. State Farm Lloyds*, 348 F.R.D. 419, 421–22 (W.D. Tex. 2025). Rule 26(b)'s scope is broad, allowing discovery of information that need not be admissible in evidence, but it does not permit unwieldy, burdensome, and speculative fishing expeditions. Fed. R. Civ. P. 26(b)(1); *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010). So, a court may limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

## DISCUSSION

Defendants offer two grounds to show good cause for extending the deposition time to ensure a fair examination of Plaintiffs. First, they argue that the case is complex: the First Amended Complaint is 62 pages and 243 paragraphs, involves eight parties, asserts multiple FCA claims across eighteen different federal contracts, and alleges conduct beginning in 2018. Mot. at 3–4, 7–8. And second, Defendants argue that Plaintiffs' evasive responses to their discovery requests and interrogatories have hindered their ability to understand Plaintiffs' claims, supporting facts and legal theories, and the identity, content, and custodians of relevant evidence. *Id.* at 4–7.

Plaintiffs oppose the request, arguing that Defendants have shown neither good cause nor any specific need for the extended deposition time they claim is necessary to conduct fair examinations. Recognizing that more time may be

appropriate, Plaintiffs maintain that they have already accommodated Defendants by agreeing to ten hours per witness. Resp. in Opp'n at 3, ECF No. 148. But they contend that Defendants are merely speculating about the need for more time before even conducting any deposition. *Id.* at 7. They also contend that the allegations arise from a common scheme and therefore do not require an exhaustive, paragraph-by-paragraph review of the First Amended Complaint at deposition. *Id.* at 4–7. Lastly, Plaintiffs claim that Defendants have not met and conferred about any alleged deficiencies in Plaintiffs' discovery responses, reflecting a lack of diligence and weighing against their request. *Id.* at 4.

After due consideration, the Court agrees with Plaintiffs that Defendants have not shown good cause under Rule 30(d)(1) for any extension beyond ten hours per deposition and that such limitation conforms with Rule 26(b).

To be sure, both sides agree that some additional deposition time beyond Rule 30(d)(1)'s one-day, seven-hour limit is warranted given the nature of the claims and the number of parties involved. Indeed, the number of parties and the fact that the alleged conduct spans from 2018 across eighteen federal contracts show a practical need for more deposition time. *See* Mot. at 3–4. Yet these considerations, standing alone, do not support the multi-day extensions that Defendants seek.

Defendants argue that they need multi-day depositions because the First Amended Complaint is long and because Plaintiffs' claims are "fact-specific" and "contract-specific." *Id.* at 4. But those reasons are too vague and speculative to show good cause for the extended deposition time they want. Defendants do not tie those

generalized assertions to any particular topics that cannot reasonably be explored within a ten-hour deposition or to any concrete evidence so voluminous as to require multi-day examinations.  In the absence of such a showing, Defendants' request for the extensions sought remains speculative, making it more appropriate to assess any further extension only after the initial depositions have occurred.

This approach aligns with decisions recognizing that the "better practice" is to allow a deposition to proceed before deciding whether additional time is necessary, based on what is covered within the initial Rule 30(d) limit and what remains outstanding for a fair examination.  *See, e.g.*, *Malec v. Trs. of Bos. Coll.*, 208 F.R.D. 23, 24 (D. Mass. 2002); *but see In re Telexfree Sec. Litig.*, No. 4:14-MD-2566-NMG, 2024 WL 2306195, at *2 (D. Mass. May 21, 2024) (collecting cases where courts have granted extensions before a deposition when adequately justified).

So, Plaintiffs' agreement to extend each deposition to ten hours reasonably accommodates the practical needs that Defendants raise and conforms with Rule 26(b).  Until Defendants conduct the depositions and the Court can assess, on a developed record, how much material the parties are able to cover within that timeframe, any further extension would be premature.

What is more, Defendants' complaints about Plaintiffs' allegedly deficient responses to discovery requests and interrogatories do not justify extending any deposition time.  A party that believes discovery responses are inadequate may pursue the remedies that the Federal Rules of Civil Procedure provide for those specific types of alleged deficiencies.  *See, e.g.*, Fed. R. Civ. P. 33 advisory committee's

notes to 1970 amendment ("If answers are served and they are thought inadequate, the interrogating party may move under Rule 37(a) for an order compelling adequate answers."); *id.* 37(a)(4) (permitting motions to compel and sanctions for evasive or incomplete disclosures, answers, or responses).

Thus, the Court **GRANTS IN PART and DENIES IN PART** Defendants' "Motion for Leave to Exceed Deposition Hours for Deposition of Relators, Angela Gomez and Christopher Hicks" (ECF No. 147). The Court **GRANTS** the Motion with respect to an extension of three hours for each deposition—for a total of ten hours per plaintiff—to be conducted over one or two days, with reasonable breaks that do not result in undue cost or delay. The Court **DENIES** the Motion in all other respects.

**So ORDERED and SIGNED this 7th day of April 2026.**

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**